**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY DURST; et al., | No. 20-35374 |
| Plaintiffs-Appellants, | D.C. No. 1:19-cv-00905-MC |
| v. | |
| OREGON EDUCATION ASSOCIATION, a labor organization; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 19, 2021[**]

Before:      SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Jeremy Durst, Deanne Tanner, and Michael Garcie appeal from the district

court's summary judgment in their 42 U.S.C. § 1983 action alleging First

Amendment claims arising out of union membership dues.  We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Plaintiffs' request for oral argument, set forth in the opening brief, is denied.

under 28 U.S.C. § 1291.  We review de novo.  *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016) (decision on cross-motions for summary judgment); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (mootness determinations).  We may affirm on any ground supported by the record.  *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on plaintiffs' claims for prospective relief because such claims are moot.  *See Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1211-15 (9th Cir. 2018) (finding plaintiffs' claims for prospective relief moot when they resigned their union membership and presented no reasonable likelihood that they would rejoin the union in the future).

Summary judgment was proper on plaintiffs' First Amendment claims against Oregon Education Association, Southern Oregon Bargaining Council Eagle Point Education Certified and Classified Employees, and Portland Association of Teachers because the deduction of union membership dues arose from private membership agreements between the parties, and "private dues agreements do not trigger state action and independent constitutional scrutiny."  *Belgau*, *v. Inslee*, 975 F.3d 940, 946-49 (9th Cir. 2020), *cert. denied*, No. 20-1120, 2021 WL 2519114 (June 21, 2021) (discussing state action).

Summary judgment was proper on plaintiffs' First Amendment claim against

Eagle Point School District 9 and Portland Public Schools/Multnomah County School District Number 1 because plaintiffs affirmatively consented to the voluntary deduction of union dues, and the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), did not extend a First Amendment right to avoid paying union dues that were agreed upon under validly entered membership agreements. *See Belgau*, 975 F.3d at 950-52.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**